Dear Mayor Brumfield:
Our office received your request for an opinion. Specifically, you inquire if the Village of Folsom may pay the Chief of Police overtime compensation.
It is our understanding from your request and from discussing the matter further with you that the police chief was paid on an hourly basis until Jan. 1, 2000, at which time he was put on salary. The police chief has now asked that he be paid the overtime hours he worked while he was paid on an hourly basis.
Article 7, Section 14(A) of Louisiana Constitution of 1974 prohibits the loan, pledge, or donation of public funds, property or things of value to or for any person, association, corporation, public or private. The jurisprudence indicates that Article 7, Section 14(A) is violated whenever the state or a political subdivision thereof seeks to give up something of value when it is under no obligation to do so. We previously opined that obligation, in that sense, means that there is a legal duty to expend public funds. Atty. Gen. Ops. 99-261 and 98-432. Thus, the Village of Folsom may not expend public funds when it is under no obligation or legal duty to do so.
You correctly refer to the Fair Labor Standards Act, 29 U.S.C. 201
et seq. The Act contains a number of exemptions for overtime compensation. Specifically, section 553.200 13(b)(20) provides for an overtime pay exemption for any employee of a public agency who, in any work week, is employed in law enforcement activities if the public agency employs, during the work week, less than five persons in law enforcement activities. You indicate that Folsom has four such employees. Accordingly, it is our opinion that the Village of Folsom has no obligation or legal duty to pay the police chief overtime compensation under the Fair Labor Standards Act.
It is further our understanding that there has never been an agreement between the Village of Folsom and the police chief which provides for overtime compensation and he has never been paid overtime compensation. As such, the Village of Folsom has no contractual duty or obligation to pay overtime compensation to the police chief.
It is our opinion, therefore, that the payment of overtime compensation to the police chief by the Village of Folsom, when it is under no obligation to do so, would be tantamount to a donation of public funds which is expressly prohibited by the Louisiana Constitution.
We trust that this adequately responds to your request. Should you have any questions or comments, please contact our office. With kindest regards,
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ________________________________ TINA VICARI GRANT Assistant Attorney General
RPI:TVG:jv